United States District Court
Southern District of Texas
**ENTERED**
June 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ENRICO ANDREZ LOPEZ and ENRICO LOPEZ, JR., | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. 7:26-CV-00102 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | § § § | |
| Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER**

This case involves an insurance dispute arising from a car accident in Pharr, Texas. Enrico Andrez Lopez and Enrico Lopez, Jr. allege that an uninsured driver rear-ended them on the interstate. They sued their insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), for uninsured-motorist benefits. Pending before the Court is State Farm's Motion to Abate Plaintiffs' Non-Contractual Claims. (Dkt. No. 6). For the following reasons, the Court **GRANTS** the Motion. (*Id.*).

I.    **BACKGROUND**

In January 2023, the Lopezes were involved in a three-vehicle automobile accident. (Dkt. No. 1-3 at 7). Enrico Andrez Lopez was driving west on an interstate in Pharr, Texas, with Enrico Lopez, Jr. as a passenger. (*Id.*). Alberto Vega allegedly struck Anahi Zavala's vehicle, which then rear-ended the Lopezes. (*Id.*). In June 2024, the Lopezes sued Vega and Zavala in state court, alleging negligence. (*Id.* at 7–8). Vega answered with a general denial. (*Id.* at 17).

In October 2024, the Lopezes amended their petition to add State Farm as a defendant and alleged violations of the Texas Insurance Code and breach of contract. (*Id.* at 21, 24–27). They further alleged that Zavala was not insured, that they were insured by State Farm under a policy that provided "uninsured motorist coverage with a $30,000/$60,000 limit," and that State Farm refused to pay the "policy limit uninsured motorist coverage." (*Id.* at 23–24).

The Lopezes non-suited their claims against Vega and Zavala in January 2026, leaving State Farm as the sole defendant. (*Id.* at 37); (*see also id.* at 51 (Plaintiffs' Second Am. Pet.)). In February 2026, State Farm answered with a general denial, (*id.* at 60), and shortly thereafter removed the case to this Court, (Dkt. No. 1).

In April 2026, State Farm moved to abate the Lopezes' non-contractual claims. (Dkt. No. 6). The Lopezes did not respond.

## II.    LEGAL STANDARD

Uninsured/underinsured motorist ("UIM") coverage "provides payment to the insured of all amounts that the insured is legally entitled to recover as damages from owners or operators of underinsured vehicles because of bodily injury or property damage, not to exceed the limit specific in the insurance policy." *In re Allstate Fire & Cas. Ins. Co.*, 617 S.W.3d 635, 643 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding). UIM coverage "hinges on the liability of the alleged underinsured, at-fault third-party motorist under applicable tort law." *Id.* (citing *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006)).

An insurer need not pay UIM benefits until the insured obtained a determination establishing the uninsured motorist's liability and the insured's damages. *Id.* (citing *Brainard*, 216 S.W.3d at 818). Additionally, the insured must show that the other driver's insurance coverage is deficient and that he has uninsured motorist coverage. *Id.*

Texas law also requires an insured to establish contractual liability before recovering on extra-contractual claims arising from the insurer's failure to pay benefits. *In re Liberty Cnty. Mutual Ins. Co.*, 537 S.W.3d 214, 220 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding). Courts therefore routinely abate extra-contractual claims pending resolution of the underlying contract claim. *Id.*; *see also U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding) ("Without abatement, the parties will be put to the effort and expense of conducting discovery and preparing for trail of claims that may be disposed of in a previous trial.").

## III.   DISCUSSION

State Farm acknowledges that the Lopezes' insurance policy provides for UIM benefits: "We will pay compensatory damages for bodily injury or property damage an insured is legally entitled to recover from the owner or driver of an uninsured motor vehicle." (Dkt. No. 6 at 1–2). State Farm nevertheless contends that its obligation to pay UIM benefits does not arise until a court determines the third-party motorist's fault and the amount of damages. (*Id.* at 3). State Farm is correct.

No legal determination has been made yet about Zavala's fault or the damages to the Lopezes. Thus, the Lopezes' extra-contractual claims are premature. Allowing those claims to proceed now would likely "needlessly incur[] expenses to litigate issues that

may ultimately be rendered moot." *See In re State Farm Mutual Auto. Ins. Co.*, 712 S.W.3d 53, 62 (Tex. 2025). Accordingly, the Court abates the Lopezes' extra-contractual claims pending a determination of Zavala's liability and the amount of their damages. *See Green v. Nationwide Mutual Ins. Co.*, No. 1:12-CV-00600, 2013 WL 12076561, at \*3 (W.D. Tex. Jan. 29, 2013) (granting an unresponded to motion to abate extra-contractual claims in UIM dispute).

## IV.    CONCLUSION

Considering the foregoing analysis, the Court **GRANTS** State Farm's Motion to Abate Plaintiffs' Non-Contractual Claims. (Dkt. No. 6). The Parties shall file a Joint Status Report no later than December 6, 2026.

It is SO ORDERED.

Signed on June 6, 2026.

Drew B. Tipton

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

4